**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

EDD POTTER COAL COMPANY,
INCORPORATED; OLD REPUBLIC
INSURANCE COMPANY,

*Petitioners,*

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
BERNIE J. HENSLEY (Widow of John
Hensley),

*Respondents.*

No. 01-2001

On Petition for Review of an Order
of the Benefits Review Board.
(00-0347-BLA)

Argued: May 7, 2002

Decided: July 25, 2002

Before WILKINS, MOTZ, and KING, Circuit Judges.

---

Petition for review denied and award affirmed by unpublished per
curiam opinion.

---

## COUNSEL

**ARGUED:** Laura Metcoff Klaus, GREENBERG TRAURIG, Wash-
ington, D.C., for Petitioners. Jeffrey Steven Goldberg, Office of the

Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director; Gerald Francis Sharp, Lebanon, Virginia, for Respondent Hensley. **ON BRIEF:** Mark E. Solomons, GREENBERG TRAURIG, Washington, D.C., for Petitioners. Howard M. Radzely, Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Patricia M. Nece, Counsel for Appellate Litigation, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Edd Potter Coal Company and its insurer, Old Republic Insurance Company (collectively "Edd Potter"), jointly petition for review of the Decision and Order of the Benefits Review Board (the "BRB"), upholding the award of black lung and survivor's benefits to the widow of John Hensley. *Hensley v. Edd Potter Coal Co.*, Decision and Order, 00-0347 BLA (Jan. 11, 2001). As explained below, we deny the petition for review and affirm the award of benefits.

### I.

After working as a coal miner for over twenty-one years and experiencing cardiovascular and pulmonary health problems, John Hensley retired in October of 1973. On January 17, 1974, he filed a claim for benefits under the Black Lung Benefits Act, contending that he suffered from pneumoconiosis, i.e., black lung disease, as a result of his work in Virginia's coal mines. After initially denying his claim for benefits, the appropriate authority in the Department of Labor, in September 1979, made an initial finding that Hensley was eligible for black lung benefits. Over the next two decades, the parties engaged in exhaustive procedural wrangling, during which Hensley, on Febru-

ary 14, 1986, passed away. Following multiple hearings, various decisions, and several remands, an Administrative Law Judge (the "ALJ"), on August 27, 1998, issued a final Decision and Order on the merits of Hensley's claim. *Hensley v. Edd Potter Coal Co.*, Decision and Order on Remand Awarding Benefits, 1993-BLA-405 (Aug. 27, 1998) (the "ALJ Opinion"). Based on her review of the extensive medical evidence relating to Hensley's claim, much of it conflicting, the ALJ found that Hensley became totally disabled, due to pneumoconiosis, in September 1974. As such, the ALJ awarded black lung and survivor's benefits to Hensley's widow, Bernie J. Hensley. Edd Potter then sought reconsideration and, on November 16, 1999, the ALJ issued a lengthy decision reaffirming the ALJ Opinion. *Hensley v. Edd Potter Coal Co.*, Order Granting In Part Employer's Motion For Reconsideration, 1993-BLA-405 (Nov. 16, 1998). Edd Potter thereafter appealed to the BRB, which, on January 11, 2001, affirmed the ALJ's award of benefits. Edd Potter has now petitioned for our review of the BRB's decision, and we possess jurisdiction pursuant to 33 U.S.C. § 921(c) (incorporated by reference into 30 U.S.C. § 932(a)).

## II.

In our review of a decision of the BRB, we must affirm an award of black lung benefits "if it is in accordance with the law and is supported by substantial evidence." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 756 (4th Cir. 1999). Substantial evidence is "more than a mere scintilla; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Island Creek Coal Co. v. Compton*, 211 F.3d 203, 207-08 (4th Cir. 2000) (quotation omitted). Under the Administrative Procedure Act (the "APA"), an ALJ's opinion must state the "findings and conclusions, and the reasons or bases therefore, on all material issues of fact, law or discretion presented on the record." 5 U.S.C. § 557(c)(3)(A).

## III.

Edd Potter raises two contentions in its petition for review. First, it asserts that the ALJ violated the APA by failing to provide a sufficient rationale for crediting the medical evidence which was positive for pneumoconiosis, rather than crediting the evidence to the contrary.

Secondly, Edd Potter contends that, if Hensley's widow is entitled to benefits, due process precludes liability being assigned to it because of the extraordinary delay in the resolution of Hensley's claim.

### A.

Prolonged exposure to coal dust has subjected thousands of our nation's coal miners to pneumoconiosis, prompting Congress to create a federal benefits program for victims of this terrible disease. Because Hensley worked in the coal mines for more than ten years, and because his claim was filed prior to 1978, his claim is governed by what are commonly known as "the interim regulations," 20 C.F.R. §§ 727.1 - 727.405. Pursuant thereto, an interim presumption may arise under certain circumstances, and a miner is "presumed to be totally disabled due to pneumoconiosis . . . [if] a chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis."[1] 20 C.F.R. § 203(a)(1). This presumption may be rebutted, however, if, inter alia, "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work," or if "[t]he evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment . . . ." 20 C.F.R. § 727.203(b)(2) & (3).[2]

### B.

In determining whether Hensley qualified for the interim presumption of total disability due to pneumoconiosis, the ALJ reviewed and analyzed thirty-two separate x-ray readings of Hensley's condition taken between 1977 and 1984. ALJ Opinion at 4-7. In so doing, she observed that twelve of the x-ray readings were positive for pneumoconiosis while twenty of the readings were negative. *Id.* at 7. The ALJ

---

[1]Although 20 C.F.R. § 203(a)(1) refers to a single x-ray, "it in fact requires the ALJ to weigh all available x-ray evidence to determine whether it preponderates in favor of a finding of pneumoconiosis." *Lane Hollow Coal Co. v. Director, OWCP*, 137 F.3d 799, 803 (4th Cir. 1998).

[2]Pursuant to 20 C.F.R. § 727.203(b), there are four bases capable of rebutting the interim presumption of total disability due to pneumoconiosis. The parties agree, however, that two of those bases, found in 20 C.F.R. § 727.203(b)(1) and (4), are not applicable in this case.

further observed that seven of the positive readings were offered by Board-certified radiologists and B-readers, while nineteen of the negative readings were offered by individuals of similar qualifications.[3] Edd Potter contends that the ALJ failed to provide an explanation for crediting the positive x-rays over the negative ones. To the contrary, the ALJ offered such an explanation, stating that she found it significant that six different dually qualified physicians offered seven positive readings for pneumoconiosis. *Id.* In substance, she concluded that the possibility of six qualified doctors making erroneous positive readings of pneumoconiosis was highly unlikely. And we have previously observed, the APA "neither burdens ALJs with a duty of long-windedness nor requires them to assume that we cannot grasp the obvious connotations of everyday language." *Lane Hollow Coal Co. v. Director, OWCP*, 137 F.3d 799, 803 (4th Cir. 1998). Faced with multiple x-rays from various qualified physicians, we are perfectly capable of understanding the ALJ's focus on the "corroborative nature of these [positive] readings." ALJ Opinion at 7.

Edd Potter similarly contends that the ALJ failed to satisfactorily explain her decision not to credit its rebuttal evidence. The ALJ, however, discussed at length the medical reports submitted by Edd Potter, and she offered her reasons for discrediting them. For example, the ALJ discounted the report of one Edd Potter physician because he had not reviewed all of the evidence in the record, and she discredited the report of another such physician because he changed his opinion after receiving correspondence from the company. ALJ Opinion at 10-12.

In context, the ALJ provided a sufficient explanation for applying the interim presumption of pneumoconiosis and for discounting Edd Potter's rebuttal evidence. Having complied with the APA and the applicable legal principles, we conclude that the ALJ Opinion is supported by substantial evidence.

---

[3]A "B-reader" is a physician who has demonstrated proficiency in interpreting x-rays for the presence of pneumoconiosis by passing an examination given by or on behalf of the Appalachian Laboratory for Occupational Safety and Health. 20 C.F.R. § 718.202(a)(1)(ii)(E); 42 C.F.R. § 37.51(b)(2).

## C.

Edd Potter also contends that, due to the extraordinary twenty-eight year delay in resolving Hensley's black lung claim, it would contravene due process to require it to pay his widow the benefits awarded to her. As such, it maintains that the benefits should be paid by the Black Lung Disability Trust Fund.[4] In support of this contention, Edd Potter points to our decision in *Lane Hollow*, in which we found a due process violation when the Department of Labor failed to notify a mine operator of a black lung claim until seventeen years after the miner had filed the claim. Hensley's claim, however, is markedly different than the one addressed in *Lane Hollow*. Edd Potter received timely notice of Hensley's claim, and its physicians were provided the opportunity to (and in fact they did) examine Hensley prior to his death. Indeed, Edd Potter has vigorously litigated this case since its inception nearly three decades ago. As Judge Michael cogently explained in *Lane Hollow*, "[t]he Due Process Clause does not create a right to *win* litigation; it creates a right *not to lose* without a fair opportunity to defend oneself." 137 F.3d at 807 (emphasis in original). Edd Potter has been accorded such an opportunity, and assigning it liability for Mrs. Hensley's benefits award does not contravene any of its due process rights.

## IV.

Pursuant to the foregoing, the petition for review is denied and the decision of the Benefits Review Board is affirmed.

*PETITION FOR REVIEW DENIED AND*
*AWARD AFFIRMED*

---

[4]The Black Lung Disability Trust Fund is a separate fund within the general treasury, which pays black lung claims to coal miners when "there is no operator who is liable for the payment of such benefits." 26 U.S.C. § 9501(d)(1)(B). The Trust Fund and its operation are fully described in our decision in *Director, OWCP v. Bethlehem Mines Corporation*, 669 F.2d 187 (4th Cir. 1982).